UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-50-F

| | | |
|---|---|---|
| SHIRLEY ROSE SAMPSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| HSBC FINANCE CORP., and its subsidiary | ) | |
| HSBC CONSUMER LENDING, USA, INC., | ) | |
| servicing agent for BENEFICIAL | ) | |
| MORTGAGE CO. OF NORTH CAROLINA | ) | |
| and BENEFICIAL FINANCIAL I, INC., | ) | |
| formally known as SOLSTICE CAPITAL | ) | |
| GROUP, INC., and SHAPIRO AND INGLE, | ) | |
| LLP, RICHARD P. McNEELY, as substitute | ) | |
| trustee, | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's "Verified Petition in the Nature of a Motion Pursuant to Writ for Discovery, Under Subpoena Duces Tecum, 42 U.S.C. § 1982, Maritime Tort Clams [sic] In-Admiralty." *See* [DE-6]. The filings of record reveal, inter alia, that the named plaintiff is deceased, and the lawsuit in fact is being prosecuted by a person named "Khufu-Sutukh: Ranub-El," who describes himself as "intervener, grantee (Exhibit 1) and trustee for the Plaintiff." Complaint [DE-3.1], p. 1. Specifically, the Complaint alleges, in pertinent part:

PARTIES TO ACTION

3. PLAINTIFF

a. SHIRLEY ROSE SAMPSON, is a deceased, Black American female, and at the time of death; a resident of the State of North Carolina and a United States citizen who is the established real party of interest, holder in due course and possess superior claim to the real property at the location commonly known as 508 Royal Lane, Clinton, North Carolina 28328 ("Subject Real Property") with the Parcel ID No.: 12-0885360-01 in Sampson County, North Carolina; IMXRS Filed Number: SRSI0182010.

  4. Intervener

  a. Khufu-Sutukh: Ranub-El (Exhibit 2) is the live being and TRUSTEE to SHIRLEY ROSE SAMPSON (TRUST); with KHUFU SUTUKH RANUB EL the GRANTEE and unmarried heir to the ESTATE of SHIRLEY ROSE SAMPSON.

*Id.* p. 4.

  The Fourth Circuit Court of Appeals has explained, pursuant to FED. R. CIV. P. 17, a real party in interest is one who possesses the right to enforce the claim and has a significant interest in the litigation under North Carolina law. *Virginia Elec. and Power Co. v. Westinghouse Elec. Corp.*, 485 F. 2d 78, 83 (4th Cir. 1973). Ms. Sampson does not have the right (or ability) to enforce any claims purportedly set forth in the Complaint, first, because she is alleged to be deceased, and secondly, because the Complaint alleges facts that suggest that Mr. Khufu-Sutukh: Ranub-El, an heir of Ms. Sampson, is the real party in interest, as grantee of a North Carolina General Warranty Deed to the subject real property from "all [other] heirs" from the Estate of Shirley Sampson, grantees. *See* Complaint [DE-3], Exhibit 1, Attachment 1. If the intent of the Complaint is for the *Estate* of Shirley Rose Simpson to bring an action against the defendants, then an attorney must appear on behalf of the estate, in compliance with this district's Local Civil Rules, and must allege the factual bases for subject matter jurisdiction in this court.

  While Mr. Khufu-Sutukh: Ranub-El's theories of liability are not clear, there are no allegations in the Complaint supporting admiralty or maritime jurisdiction, and no tort claim has been alleged. Most importantly, however, the deceased named plaintiff, "Shirley Rose Sampson," is not an entity who can initiate and maintain a lawsuit. *See* FED. R. CIV. P. 17(b). If Mr. Khufu-Sutukh: Ranub-El seeks to prosecute a lawsuit in a cognizable representative capacity or on his own behalf, he must do so in accordance with governing substantive law, as well as the Federal Rules of Civil Procedure and Local Civil Rules of this court.

Case 7:12-cv-00050-F   Document 11   Filed 03/21/12   Page 2 of 3

Accordingly, all persons hereby are NOTIFIED that the court intends to dismiss this action for failure to prosecute by the real party in interest, unless, *on or before March 30, 2012*, a competent real party in interest shows cause, in writing, why naming a deceased person as the plaintiff/real party in interest was the result of an understandable mistake. *See, e.g., Intown Properties Mgmt. Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 171 (4th Cir. 2001) (finding that Rule 17(a) was inapplicable because the "mistake had not been 'understandable' "). **The response should be accompanied by a proposed amended complaint that conforms with requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of this court.** *See* FED. R. CIV. P. 17(a).[1] If the proposed amended complaint seeks to substitute the proper real party in interest as the named plaintiff, the propriety of substitution under Rule 17(a) will be determined according to governing law.

The pending Motion for Writ of Discovery [DE-6] is DENIED without prejudice to renew, if appropriate.

SO ORDERED.

This the 21ST day of March, 2012.

　　　　　　　　　　*/s/ James C. Fox*
　　　　　　　　　　JAMES C. FOX
　　　　　　　　　　Senior U.S. District Judge

---

[1] The Advisory Committee Note to the 1966 amendment states in part: "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . . The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to use is difficult or when an understandable mistake has been made."